UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GLORIA MARQUEZ,
    Plaintiff,

vs.                                                                                                      No. 2:13-cv-00841-JAP/WPL

MARTIN, LUTZ, ROGGOW, &
EUBANKS, P.C.,
    Defendant.

**MEMORANDUM ORDER AND OPINION**

On September 30, 2013, Defendant, Martin, Lutz, Roggow, & Eubanks, P.C., moved to dismiss the lawsuit based on Plaintiff's failure to state a claim under the Federal Debt Collection Practices Act (FDCPA). *See* DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM (Doc. No. 7) (Motion to Dismiss). Defendant's Motion to Dismiss presents a narrow issue: can the misstatement of an interest rate in a state court complaint result in liability under the FDCPA? Plaintiff contends that it can. *See* PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS. Because the FDCPA applies to statements made in a complaint, the Court will deny the Defendant's Motion to Dismiss.

**I.    STANDARD OF REVIEW**

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). The Supreme Court has articulated a two-step approach for district courts to use when considering a motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A court should first identify the adequately pleaded factual allegations contained in the complaint and then "determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. In other words, "[t]o survive a motion to dismiss, a complaint must

contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678. A motion to dismiss tests the legal sufficiency of the plaintiff's claims.

## II.     FACTUAL ALLEGATIONS

The Court assumes the following allegations from Ms. Marquez's complaint to be true for purposes of the Court's ruling on the Motion to Dismiss.

On November 5, 2012, Defendant filed a complaint against Plaintiff in the Third Judicial District Court of New Mexico, on behalf of Springleaf Financial Services, Inc. The complaint misstated the contractual post-judgment interest rate. In the prayer for relief, the complaint requested a post-judgment interest rate of 35.95%. However, the loan agreement into which Ms. Marquez entered contained a contract rate of 30.23%.

## III.    DISCUSSION

Plaintiff argues that Defendant's misstatement of the contractual post-judgment interest rate in the state complaint violates the FDCPA, a statute which regulates interactions between consumer debtors and debt collectors, *see James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). As a broad proposition, the FDCPA prohibits debt collectors from using false, deceptive, or misleading representations in connection with the collection of a debt. *Id.*

Although nothing in the language of the FDCPA excludes misrepresentations contained in court pleadings, Defendant relies on *Argentieri v. Fisher Landscapes*, 15 F. Supp. 2d 55 (D. Mass. 1998), for the proposition that the FDCPA does not apply to communications made during the course of judicial proceedings. According to *Argentieri*, the "whole purpose of regulating debt collection was to supervise a range of unsupervised contacts, such as demand letters and late-night telephone calls." *Id.* at 61-62. "[A] statement in a pleading is supervised by the court and monitored by counsel" and should not be subject to regulation under the FDCPA. *Id.*

As Plaintiff points out, *Argentieri* is an outlier, which conflicts with more recent opinions concerning the scope of the FDCPA. In 2007, the Fourth Circuit held that false statements in interrogatories and in a summary judgment motion may violate the FDCPA. *Sayyed v. Wolpoff & Abramson*, 485 F.3d 226, 229-230 (4th Cir. 2007). The Court reasoned that the clear language of the FDCPA applied to law firms, even when a firm's debt collection activity is litigation. *Id.* In 2010, the Ninth Circuit found that the FDCPA applied to false statements contained in a complaint. *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1031-1032 (9th Cir. 2010). The Ninth Circuit relied on *Heintz v. Jenkins*, 514 U.S. 291 (1995), a Supreme Court decision applying the FDCPA to lawyers who regularly collect debt through litigation. *Id.* As the Supreme Court explained, "litigating, at first blush, seems simply one way of collecting a debt." *Heintz*, 514 U.S. at 294.

It appears that the Tenth Circuit has adopted the same approach as the Fourth and Ninth Circuits. *See Johnson v. Riddle*, 305 F.3d 1107, 1121-1122 (10th Cir. 2002) (finding that the defendant violated the FDCPA by filing a complaint in state court that impermissibly sought to collect a shoplifting penalty on behalf of the owner of a dishonored check). In fact, the Tenth Circuit recently reaffirmed that the "FDCPA applies to the litigating activities of lawyers" in a decision construing the FDCPA's definition of a "debt collector." *James*, 724 F.3d at 1316.

Despite the general consensus that the FDCPA applies to statements made in court documents, Defendant argues that "small-scale, technical errors in pleading" do not result in FDCPA liability. DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM (Doc. No. 13) at 4. It is true that a debt collector is not liable under the FDCPA "if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of

procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k (c). However, a motion to dismiss is not the appropriate stage at which to consider whether the defendant is protected by a "bona fide error" defense. The "bona fide error" defense is an affirmative defense that Defendant may raise at the appropriate time and in an appropriate manner. There is no general exemption from liability for misstatements in court pleadings, no matter how small the misstatement may be.

    IT IS THEREFORE ORDERED that DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM (Doc. No. 7) is denied.


_____

SENIOR UNITED STATES DISTRICT JUDGE